UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 20 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-543-GWU

MALINDA DOUGLAS,                                      PLAINTIFF,

VS:                     MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Malinda Douglas brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

    1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

    2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

    3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

    4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

    5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Douglas, a 35 year-old former child care monitor and attendant with a high school equivalent education, did not suffer from a "severe" impairment. (Tr. 12, 16). Therefore, she could not be considered totally disabled. (Tr. 16).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Douglas did not suffer from a "severe" physical impairment. Dr. Sudideb Mukherjee reviewed the record and stated that

3

the plaintiff's physical complaints were "less than severe." (Tr. 196). This opinion was not contradicted by the staff at Appalachian Regional Healthcare. (Tr. 157-169, 217-228, 250-255). Furthermore, the claimant has not disputed this finding by the ALJ. Therefore, the ALJ dealt properly with the evidence of record relating to the plaintiff's physical condition.

Douglas argues that the opinion of Dr. Syed Raza, her treating physician at the Cumberland River Comprehensive Care Center, supports her claim of suffering from a "severe" mental impairment. Dr. Raza performed a consultative examination for the administration in which he diagnosed dysthymia and dependent personality traits. (Tr. 173). The plaintiff's Global Assessment of Functioning (GAF) was rated at 50 suggesting the existence of "serious" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed-Revised, 1994). The doctor indicated that the claimant had difficulty remembering even simple one or two step instructions, had poor concentration and persistence as well as poor social interaction with others. (Tr. 173). Douglas asserts that this opinion at least suggests the existence of a "severe" mental impairment which was not properly considered by the ALJ.

The ALJ rejected the opinion Dr. Raza expressed in the consultative report because it was inconsistent with his own Cumberland River treatment notes. (Tr. 14). This action would appear appropriate. While the doctor rated her GAF at 50 at the time of the April, 2004 consultative examination, his treatment records indicate that he rated her GAF at 65, suggesting the existence of only "mild" psychological symptoms, in September, 2003 (Tr. 149) and September, 2004 (Tr. 241). At best, the treatment notes indicate that the plaintiff's condition was not at the level of severity it was in April of 2004 for the

4

required one-year durational requirement. In the treatment notes, Dr. Raza rated the claimant's ability for cognitive/intellectual functioning, daily living/personal care functioning, and physical functioning at "high" while her ability for societal/role functioning was rated as "slightly high." (Tr. 152). Her ability for interpersonal functioning was rated as being "slightly low" (Tr. 152), a finding considerably less severe than indicated in the consultative examination. Therefore, the ALJ had good grounds to reject Dr. Raza's findings in the consultative examination.

The ALJ indicated that he accepted the opinion of Psychologist Ann Demaree, a non-examining medical reviewer, concerning Douglas's mental status. (Tr. 15). This action would appear appropriate. An ALJ may accept the opinion of a non-examiner over an examining source when the non-examiner clearly states the reasons for her differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, Demaree noted Dr. Raza's treatment notes in which he reported that her thought processes were logical and coherent with no delusions or hallucinations as well as no suicidal or homicidal thoughts. (Tr. 180). Demaree stated that the record revealed that the claimant had related adequately in her therapy sessions. (Tr. 180). The reviewer noted that the plaintiff indicated interest in reading, working puzzles, visiting family members, and shopping. (Tr. 180). Thus, Demaree articulated strong reasons based on the record as a whole to support her opinion.[1]

Douglas asserts that Demaree's opinion actually supports her claim of suffering from a "severe" mental impairment. Demaree noted that the plaintiff's mental problems would result in a "moderate" restriction of ability in such areas

---

[1] Psychologist Stephen Scher, another reviewer, later affirmed Demaree's findings. (Tr. 197-199).

5

as completing a normal workweek or workday without interruption from psychologically based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods and responding appropriately to changes in the work setting. (Tr. 177). The Court agrees that these factors would constitute a "severe" impairment. However, as previously noted, the claimant was properly found not to suffer from any physical impairments. Social Security Ruling 85-15 provides that when a claimant's only impairment is mental and does not meet the requirements of one of the Listing of Impairments, then a finding of disabled status is only justified when the mental impairment imposes a "substantial" loss of ability in such areas as responding appropriately to supervision, co-workers, or usual work situations, handling simple instructions, and dealing with changes in a routine work setting. The "moderate" limitations indicated by Demaree would not appear to reach the required levels of severity indicated by Social Security Ruling 85-15. Therefore, any error on the part of the ALJ in failing to find that Douglas suffered from a "severe" mental impairment was harmless.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will entered simultaneously consistent with this opinion.

This the _20_ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE